An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-952

NORTH CAROLINA COURT OF APPEALS

Filed: 3 June 2014

STATE OF NORTH CAROLINA

v.                                    Mecklenburg County
                                      No. 09 CRS 240640
MARCO SANTAINE DAVIS


Appeal by defendant from judgments entered 1 February 2013 by Judge Robert T. Sumner in Mecklenburg County Superior Court. Heard in the Court of Appeals 22 January 2014.

> *Attorney General Roy Cooper, by Special Deputy Attorney General Sonya Calloway-Durham, for the State.*
>
> *Glover & Petersen, P.A., by Ann B. Petersen, for defendant-appellant.*


CALABRIA, Judge.


Marco Santaine Davis ("defendant") appeals from judgments entered upon jury verdicts finding him guilty of first degree murder and conspiracy to commit first degree murder. We find no error.

On 10 August 2009, the body of Palo Childress, a/k/a "Suicide," ("Childress") was discovered on the grounds of the

Shamrock Garden Apartments in Charlotte, North Carolina. Childress died from a contact gunshot wound to his head.

Defendant was the highest ranking member of the "7-4" sect of the Folk Nation gang. On 9 August 2009, defendant and Childress, who was a member of a different gang, were present with several others at the apartment of April Reed ("Reed"). At some point, Childress, defendant, and Warren Avery ("Avery") left to go to the store. Only defendant and Avery returned.

Later that night, defendant and four of his fellow gang members walked to the location of Childress's body. Defendant then ordered one of his gang subordinates, Kierra Thompson ("Thompson"), to search the body for money, and she retrieved Childress's wallet. At a subsequent gang meeting, defendant reminded everyone of the gang's code of silence and informed them that Childress was dead. He also promoted Avery and Thompson to higher ranking positions within the gang because Avery had carried out Childress's murder at defendant's direction and Thompson had gone through Childress's pockets.

During the course of their investigation, law enforcement obtained a buccal swab from defendant. A cigarette butt with DNA which matched defendant's DNA from the buccal swab was found

near Childress's body. Defendant was arrested and indicted for Childress's murder and for conspiracy to commit the murder.

Beginning 22 January 2013, defendant was tried by a jury in Mecklenburg County Superior Court. During the trial, defendant called fellow gang member Latia Landy ("Landy") as a witness. Landy testified that she was with defendant at Reed's apartment on the night of the murder. At some point that evening, Landy, defendant and others walked to the location of Childress's body. Defense counsel then attempted to ask Landy whether she had seen defendant leave the apartment prior to when they all walked to Childress's body. The State objected because defendant had not given any notice of an alibi defense. After a brief *voir dire*, the trial court sustained the objection.

On 1 February 2013, the jury returned verdicts finding defendant guilty of first degree murder and conspiracy to commit first degree murder. Defendant was sentenced to life imprisonment without the possibility of parole for the murder conviction and to a consecutive sentence of a minimum of 282 months to a maximum of 348 months in the North Carolina Division of Adult Correction for the conspiracy conviction. Defendant appeals.

Defendant's sole argument on appeal is that the trial court erred when it sustained the State's objection to Landy's testimony regarding whether she had seen defendant leave the apartment. Defendant contends that the trial court's alleged error deprived defendant of his constitutional right to present a complete defense. We disagree.

Pursuant to N.C. Gen. Stat. § 15A-905,

> If the court grants any relief sought by the defendant under G.S. 15A-903, or if disclosure is voluntarily made by the State pursuant to G.S. 15A-902(a), the court must, upon motion of the State, order the defendant to:
>
> (1) Give notice to the State of the intent to offer at trial a defense of alibi . . . .
>
> . . .
>
> > a. As to the defense of alibi, the court may order, upon motion by the State, the disclosure of the identity of alibi witnesses no later than two weeks before trial. If disclosure is ordered, upon a showing of good cause, the court shall order the State to disclose any rebuttal alibi witnesses no later than one week before trial. If the parties agree, the court may specify different time periods for this exchange so long as the exchange occurs within a reasonable time prior to trial.

N.C. Gen. Stat. § 15A-905(c) (2013). In the instant case, the trial court entered an order pursuant to this statute requiring defendant to "give notice to the State of his intent to offer at trial a defense of alibi . . . no later than January 14, 2013" and to "disclose the identity of alibi witnesses no later than January 14, 2013." However, defendant never provided the State with either the required notice of affirmative defense or identified any potential alibi witnesses.

Nonetheless, during his direct examination of Landy, defense counsel asked the following question: "[w]hile you were [at Reed's apartment] do you recall [defendant] leaving at any point [the evening of the murder]?" The State objected, arguing that the question and Landy's likely answer would raise the possibility of an alibi defense. The trial court permitted defense counsel to conduct a brief *voir dire* where he again asked Landy, "[d]id you see [defendant] leave the apartment?" and Landy responded, "no."

Defense counsel argued that his question was proper because

> I am not requesting an affirmative defense of alibi. I'm asking her about her observations on that day. We're not going to be asking the judge, the Court, to give an instruction on alibi. I'm asking her to testify about what her observations are.
>
> . . .

> [T]hey can do what they want to on cross-examination. He has a constitutional right to present his defense. He's called a defense witness, they had her statement, they've always had her statement, they subpoenaed her, we have called her. And he has a right to put up his defense.

After considering defense counsel's argument, the trial court agreed with the State that the "net effect" of counsel's question to Landy would be to put an alibi defense before the jury and thus, sustained the objection.

On appeal, defendant argues that the trial court's ruling was erroneous because "precluding the defense from offering Landy's testimony about Defendant Davis' whereabouts at the time of the murder was a clear violation of his state and constitutional right to present a defense," specifically an alibi defense. However, as noted above, defendant's trial counsel explicitly argued to the trial court that his question to Landy was not for purposes of establishing an alibi. Instead, defense counsel stated that he was simply "asking her to testify about what her observations are." It is not entirely clear from the record what purpose Landy's observations of defendant's whereabouts would serve other than to establish an alibi for defendant at the time of Childress's death, but

defense counsel obviously believed it served some additional purpose.

Since defendant's trial counsel disclaimed any use of Landy's testimony to create an alibi defense, he cannot now argue on appeal that the trial court's preclusion of her testimony deprived him of the right to present that defense. It is well established that "where a theory argued on appeal was not raised before the trial court, the law does not permit parties to swap horses between courts in order to get a better mount in the [Appellate] Court." *State v. Augustine*, 359 N.C. 709, 721, 616 S.E.2d 515, 525 (2005) (internal quotations and citation omitted). Accordingly, defendant's argument is overruled.

Defendant received a fair trial, free from error.

No error.

Judges BRYANT and GEER concur.

Report per Rule 30(e).